United States District Court
Southern District of Texas
**ENTERED**
October 03, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ALANNA ADCOCK, § § Plaintiff. § § VS. § § KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | CIVIL ACTION NO. 4:21-cv-02408 |

## MEMORANDUM AND RECOMMENDATION

Before me is Plaintiff's Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act ("EAJA"). *See* Dkt. 15. Plaintiff Alanna Adcock ("Adcock") seeks $11,115.30 in attorney's fees, $54.37 for expenses, and $402.00 for filing fees.

On June 17, 2022, Judge George C. Hanks, Jr. adopted my Memorandum and Recommendation and issued a Final Judgment, remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings. *See* Dkt. 14. The EAJA permits a "prevailing party" against the federal government to recover an award of court costs and attorney's fees unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (quoting 28 U.S.C. § 2412(d)(1)(A)).

Adcock is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding a remand that "terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA).

The Commissioner "does not oppose an award of reasonable fees" in this case. Dkt. 16 at 1. The Commissioner also does not take issue with the $54.37 in expenses and $402.00 in filing fees sought by Adcock. That said, it is Adcock's burden, as the prevailing party, to establish that the attorney's fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying a reasonable hourly rate by the appropriate number of hours worked. *See id.* at 433. The parties are agreed on the reasonable hourly rate—$211.11 for 2021 and $225.66 for 2022—but disagree on the proper number of hours that represent a reasonable expenditure of time by Adcock's counsel. As a result, the only issue I need to address is the appropriate number of hours worked by Adcock's counsel.

The Commissioner first "objects to Plaintiff's counsel's request for .2 hours to receive and review the briefing schedule, which is a one-page document." Dkt. 16 at 3. The Commissioner argues only .1 should be allowed. I agree with Adcock that "[a] scheduling order necessarily has repercussions on the firm's calendaring and deadlines" and that .2 is a reasonable amount of time to spend blocking the calendar and ensuring there are no conflicts. Dkt. 17 at 1–2. Therefore, the Commissioner's objection is **OVERRULED**.

Next, the Commissioner objects to what she considers "an inordinate amount of time for review and research" performed by Adcock's counsel. Dkt. 16 at 3. Specifically, the Commissioner contends that Adcock's request for 10.8 hours to review the record and 14.4 hours to research and draft the motion and reply briefs is unreasonable, particularly given that Adcock's "counsel stated that he has 'extensive experience litigating and handling Social Security Disability claims.'" *Id.* (quoting Dkt. 15-2 at 2). The Commissioner asks that I deduct 8 hours for briefing for 2021 and 1 hour for briefing for 2022. The Commissioner also takes issue with 8.6 hours to research and prepare the motion for attorney's fees, and asks that I allow only 2 hours for this task. In total, the Commissioner would have me reduce Adcock's requested attorney hours from the 46.9 hours sought to 31.2 hours.

In reply, Adcock argues that the Commissioner's requested reduction to 31.2 hours "is arbitrary." Dkt. 17 at 2. As noted, it is Adcock's burden to show that the requested hours are reasonable. *See Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) ("[T]he burden of proof of reasonableness of the number of hours is on the fee applicant."). Yet in support of this point, all Adcock offers is the following: "Plaintiff's counsel's 46.9 hours are reasonable. . . . Plaintiff's counsel properly accounted for his time and work in this [case]." *Id.* This explanation is insufficient, particularly given Adcock's counsel's purported experience in social security matters.

I am not prepared to say that 25.2 hours for review and research in support of summary judgment is excessive. I do, however, agree that 8.6 hours to research and prepare the motion for attorney's fees is excessive. These post-judgment tasks constitute nearly 20 percent of the time Adcock's counsel spent on the case. The law concerning EAJA fee requests is well known to counsel who routinely practice in this area, and there is nothing in Adcock's fee request that is unusual or extraordinary. For these reasons, the Commissioner's objection, as it pertains to time spent on the motion for attorney's fees, is **SUSTAINED**. I will reduce Adcock's requested attorney hours for researching and preparing the motion for attorney's fees from 8.6 hours to 2 hours in 2022.[1]

## CONCLUSION

For the reasons stated above, I recommend that Plaintiff's Motion for Fees Under the Equal Access to Justice Act (Dkt. 15) be **GRANTED**. Specifically, I recommend that Plaintiff be awarded $6,143.30 for 29.1 hours work performed in 2021, during which the hourly rate was $211.11; $2,662.79 for 11.8 hours work

---

[1] The time entries for these tasks are dated July 13, **2021**. *See* Dkt. 15-2 at 5. However, Judge Hanks did not issue a decision favorable to Adcock until June 2022. Moreover, these time entries succeed an entry dated 2.14.22. Thus, I am confident this work was accomplished in 2022 and the "21" date is a clerical error, though one that a diligent attorney would be wise to prevent in the future.

performed in 2022, during which the hourly rate was $225.66; and $54.37 for expenses.

Accordingly, I recommend that the Commissioner (1) pay attorney's fees of $8,860.46 under the Equal Access to Justice Act; and (2) pay the $402.00 costs from the Judgment Fund pursuant to 31 U.S.C. § 1304. The check should be made payable to Adcock and mailed directly to Adcock's attorney.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 3rd day of October 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE